UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT TODD MORSE,<br><br>　　　　Petitioner,<br><br>　v.<br><br>CRAIG KOENIG,<br><br>　　　　Respondent. | No. 2:21-cv-01667-DAD-KJN (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING PLAINTIFF'S PETITION FOR WRIT OF HABEAS CORPUS<br><br>(Doc. Nos. 1, 14) |

  Petitioner Robert Todd Morse is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

  On August 1, 2022, the assigned magistrate judge issued findings and recommendations, recommending the pending petition for writ of habeas corpus be denied.  (Doc. No. 14.)  The magistrate judge considered each of petitioner's nine claims and found that "no error of constitutional magnitude occurred" and that the alleged errors in the underlying state court criminal proceedings, when considered cumulatively, "did not render petitioner's defense 'far less persuasive', nor did they have a 'substantial and injurious effect or influence on the jury's verdict.'"  (*Id.* at 37.)  The findings and recommendations were served on all parties and

/////

contained notice that any objections thereto were to be filed within twenty-one (21) days of service.  (*Id.* at 37–38.)  No objections have been filed and the time to do so has since passed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file, court finds the findings and recommendations to be supported by the record and proper analysis.

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253.  If a court denies a habeas petition on the merits, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of [the petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El*, 537 U.S. at 327; *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

In the present case, the court finds that reasonable jurists would not find the court's determination that the petition should be denied debatable or wrong, or that the issues presented are deserving of encouragement to proceed further.  Petitioner has not made the required substantial showing of the denial of a constitutional right.  Therefore, the court will decline to issue a certificate of appealability.

Accordingly,

1. The findings and recommendations issued on August 1, 2022 (Doc. No. 14) are adopted in full;

2. The petition for writ of habeas corpus (Doc. No. 1) is denied;

/////

/////

/////

/////

3. The court declines to issue a certificate of appealability; and

4. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: **September 8, 2022**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE